UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-18-13

---

UNITED STATES OF AMERICA

-v-

XING WU PAN and JIA HOU,

Defendants.

---

No. 12 Cr. 153 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

For the reasons stated below and on the record at the conference on April 15, 2013, Defendants' motion to preclude the testimony of Sharon Lee is denied. The parties do not dispute the substance of her proffered testimony. Lee is expected to describe several of her fundraising practices that, if credited by the jury, would tend to prove (1) central aspects of the alleged conspiracy to use straw donations to fraudulently elicit matching funds from the City of New York, (2) Hou's knowledge of the mechanisms by which that conspiracy is alleged to have operated, and (3) the *modus operandi* of the campaign's fundraising system as a whole.

The grounds for admitting Lee's testimony are little different from the grounds the Court approved for admitting the evidence of Hou's solicitation of a straw donation from Thomas Wang. (Tr. of Pre-Trial Conf. on Jan. 29, 2013 at 3:23–4:8, 4:21–5:2.) Although Wang was an out-of-state donor who never consummated the straw donation and would not have been eligible for matching funds if he had, the Court found that Hou's attempt to arrange a straw donation through Wang could be relevant to show her "state of mind, absence of mistake, knowledge[,] and intent" with regard to the charged conspiracy. (*Id.* at 5:1–2.) Likewise, even though Lee's testimony relates to her solicitation of straw donations that were not eligible for matching funds, her attempt to arrange straw donations and her conversations with Hou about fundraising practices could support an

inference that Hou was also soliciting straw donations, which is one aspect of the alleged conspiracy to fraudulently procure matching funds from the City.

Of course, counsel is free to argue what weight the jury should assign to Lee's testimony, and ultimately, the jury will decide whether to credit the testimony at all and what inferences, if any, should be drawn from it in the context of the evidence as a whole. Nevertheless, the Court finds that Lee's testimony is relevant and that its probative value is not outweighed by a risk of confusion or unfair prejudice. Accordingly, IT IS HEREBY ORDERED THAT Defendants' motion to preclude Lee's testimony is DENIED.

SO ORDERED.

Dated:   April 17, 2013
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE