UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-28-13

UNITED STATES OF AMERICA

-v-

XING WU PAN,

                Defendant.

No. 12 Cr. 153 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On April 15, 2013, trial commenced against Defendant Oliver Pan ("Pan") on charges of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and attempt to commit wire fraud, in violation of 18 U.S.C. § 1343. At the close of the government's case, Pan moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29(a), and the Court reserved decision. On May 2, 2013, the jury convicted Pan of both crimes. Now before the Court is Pan's renewed motion for a judgment of acquittal under Rule 29(c). (Doc. No. 158.) Pan argues that there was insufficient evidence for the jury to have found (1) that he possessed specific intent to procure campaign matching funds from New York City, which both charges of the Superseding Indictment required, or (2) that he was predisposed to commit the crimes of conviction and therefore not entrapped. (*Id.*)

    Rule 29(a) requires the Court to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Cr. P. 29(a). Where the court reserves judgment until after the jury returns a verdict, it must still "decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Cr. P. 29(b). "A defendant challenging a conviction based on insufficient evidence bears a heavy burden." *United States v. Aina-Marshall*, 336 F.3d 167, 171 (2d Cir. 2003) (citation omitted). "[T]he relevant question is whether, after

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In this analysis, the Court does not assess witness credibility, resolve inconsistent testimony against the verdict, or otherwise weigh the significance of the evidence. *See United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). Further, the Court is to apply this test to "the totality of the government's case and not to each element, as each fact may gain color from others." *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (internal citations omitted). "[T]he court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is 'nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *Id.* (quoting *United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982)).

Having presided over the trial and carefully scrutinized the record, the Court concludes that, for both Counts of the Superseding Indictment, there was ample evidence from which a "rational trier of fact could have found the essential elements of [each of] the crime[s] beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. With respect to the two counts of conviction, Pan takes issue only with the element of specific intent to fraudulently procure matching funds on behalf of the John Liu campaign. However, multiple recorded conversations between Pan and an undercover agent provide a sound basis from which the jury could have inferred that Pan intended to procure straw donations in order to fraudulently reap matching funds for the campaign. (*See, e.g.*, Gov. Ex. ("GX") 105-T at 6.) Moreover, the jury was justified in rejecting Pan's entrapment defense because the record strongly supports a finding of predisposition based on evidence of Pan's prior fraudulent campaign activities (*see, e.g.*, GX 104-T at 6; GX 105-T at 3–4) and his active direction of the scheme for which he was convicted (*see, e.g.*, GX 103-A-T at 28–30, 33–34). Based on "the totality of the government's case," *Guadagna*, 183 F.3d at 130, viewed "in the light most favorable to the prosecution," the Court has little difficulty concluding that the jury "found the essential

elements of the crime[s] beyond a reasonable doubt," *Jackson*, 443 U.S. at 319.  Accordingly, Pan's Rule 29 motion is DENIED.

Sentencing in this case is scheduled for September 20, 2013 at 2:00 p.m.  IT IS HEREBY ORDERED THAT Pan shall make his pretrial submission by September 6, 2013, and the government shall make its submission by September 13.

SO ORDERED.

Dated:    August 28, 2013
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3