UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,                                    S1 12 Cr. 153 (RJS)


             -against-


XING WU PAN,
        a/k/a "OLIVER PAN,"
and

JIA HOU,
        a/k/a "JENNY HOU,"
                            *Defendants*.
-----------------------------------------------------X


# MEMORANDUM OF LAW OF OLIVER PAN IN SUPPORT OF MOTION FOR RELEASE PENDING APPEAL

TESSER, RYAN & ROCHMAN, LLP

Irwin Rochman, Esq.
Gregory J. Ryan, Esq.
509 Madison Avenue
New York, NY 10022
(212) 754-9000
(212) 754 -5907
gjryan@tesserryan.com


*Attorneys for Oliver Pan*

November 19, 2013

TABLE OF CONTENTS

Introduction .................................................................................................................1

I. Legal Standard For Granting Release Pending Appeal ..............................................1

    A. Mr. Pan Is Not Likely To Flee Or Pose A Danger To The Safety of Any Other Person
    Or The Community .................................................................................................1

    B. Additional Factors .............................................................................................2

        1. Is the Appeal For Purpose of Delay? ...............................................................2

        2. Does the Appeal Raise Substantial Questions of Law or Fact?..........................2

            a. *Rule 29 Issues* ...........................................................................................3

        3. Is the Question "Likely to Require Reversal"?..................................................5

II. Under 18 U.S.C. §3145 the Court May Also Consider Whether "Exceptional Circumstances"
Warrant Release on Bail ...............................................................................................6

Conclusion ...................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**

*Boyer v. City or Orlando,*
    402 F.2d 966 (5th Cir. 1968) ..................................................................8

*Cary v. Ricks,*
    2001 U.S. Dist. LEXIS 3650 (S.D.N.Y. March 30, 2001) ..............................8

*Meskel v. United States,*
    2005 U.S. Dist. LEXIS 17607 (D.D.C. July 13, 2005)....................................8

*United States v, Bailey,*
    444 U.S. 394, 405 (1980) ...................................................................4

*United States v. Frampton,*
    382 F.3d 213 (2d Cir. 2004)....................................................................5

*United States v. Friedman,*
    300 F.3d 111 (2d Cir. 2002)....................................................................4

*United States v. Kates,*
    508 F.2d 308, 311 (3d Cir. 1975) .............................................................5

*United States v. Koschuk,*
    2010 U.S. Dist. LEXIS 127641 (W.D.N.Y Dec. 3, 2010)..................................3

*United States v. LaGiglio,*
    384 F.3d 925 (7th Cir. 2004) ..............................................................7, 8

*United States v. Miller,*
    753 F.2d 19 (3d Cir. 1985)...............................................................5, 6

*United States v. Moscariello,*
    1999 U.S. Dist. LEXIS 6833 (E.D. Pa. May 5, 1999) ......................................8

*United States v. Newman,*
    2013 U.S. Dist. LEXIS 70242 (S.D.N.Y May 7, 2013).....................................1

*United States v. Piepgrass,*
    425 F.2d 194  (9th Cir, 1970)..............................................................5

*United States v. Randell,*
    761 F.2d 122 (2d Cir. 1985)..............................................................3,5,6

*United States v. Scotti,*
    47 F.3d 1237 (2d Cir. 1995)……………………………………………………………4

## **Statutes**

18 U.S.C §§ 3141(b) .................................................................................................................1

18 U.S.C § 3143(b) ..................................................................................................................1

18 U.S.C. § 3145 ......................................................................................................................6

## Introduction

Xing Wu (Oliver) Pan brings this motion pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) for release pending disposition of his appeal to the United States Court of Appeals for the Second Circuit to challenge his conviction in the above-captioned matter. Mr. Pan is required to surrender on December 10, 2013 to the institution to which he is designated. *See* Judgment in a Criminal Case, annexed to the Declaration of Gregory J. Ryan, Esq., dated November 19, 2013 ("Ryan Decl."), as Exhibit "A", at 2.

All of the requirements of 18 U.S.C. § 3143(b)(1) are satisfied here. A stay of Mr. Pan's surrender pending appeal should be granted because if Mr. Pan were to begin to serve his four month sentence now, his sentence would almost certainly be completed in advance of disposition of the appeal.

## I.   Legal Standard For Granting Release Pending Appeal

Under 18 U.S.C. § 3143(b), release pending appeal shall be granted where: (1) the defendant establishes by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or to the community; (2) the appeal is not for purposes of delay; (3) the appeal will "raise[] a substantial question of law or fact"; and (4) that question, if resolved in defendant's favor, is "likely to result" in a reversal of the conviction. 18 U.S.C. § 3143(b)(1).

### A.   Mr. Pan Is Not Likely To Flee Or Pose a Danger To The Safety Of Any Other Person Or The Community

Mr. Pan is neither a danger to the community nor a flight risk. No claim has ever been made that Mr. Pan is a danger to the community and we believe the government would concede that Mr. Pan is not a danger to the community.

It is beyond serious dispute that conditions short of incarceration are sufficient to ensure

that Mr. Pan will not flee.  Mr. Pan has been on release since his initial arraignment.  As set forth

in the Presentence Report, Mr. Pan has been fully compliant with all of the conditions of his

pretrial release.  This has not changed since his sentencing. Mr. Pan was recommended as an

appropriate candidate for voluntary surrender (PSR at 37) and the Court accepted that

recommendation. Ryan Decl. Exhibit "A" at 2.   Accordingly, it is clear that Mr. Pan is not a

flight risk.

**B.    Additional Factors**

Once a defendant has met the burden of demonstrating that he is neither a flight risk nor

a danger to the community, he then must demonstrate that the appeal is not taken for the

purpose of delay and that the appeal raises a substantial question of law or fact likely to result in

a reversal or a new trial. *See United States v. Newman,* 2013 U.S. Dist. LEXIS 70242, at *2

(S.D.N.Y. May 7, 2013).

### 1.    Is the Appeal For Purpose Of Delay?

Mr. Pan's appeal is not for the purpose of delay.  Mr. Pan has contested the charges

against him and intends to pursue his appeal diligently. Any delay occasioned by the appeal is

limited and will result solely from the case load of the Second Circuit. The delay of the sentence

of imprisonment is sought because if Mr. Pan is not released and instead is required to serve the

four month sentence, he will have completed the sentence before disposition of the appeal. Such a

result should be avoided.

### 2.    Does the Appeal Raise Substantial Questions of Law or Fact?

Mr. Pan's appeal will raise questions that are plainly "substantial." As this Court

recognized in *Newman, supra,* a "substantial question" for purposes of satisfying this prong is a

"close question or one that very well could be decided the other way," *quoting United States v*

*Randell, supra,* 761 F.2d 125) (*quoting United States v. Giancola,* 754 F.2d 898, 901 (11th Cir. 1985)); or, a question of whether "reasonable minds could differ." *United States v. Koschuk,* 2010 U.S. Dist. LEXIS 127641 at *3-4 (W.D.N.Y. Dec. 3, 2010). There are a number of such questions, in this case, many of which have previously been briefed to the Court.

### a. *Rule 29 Issues*

Mr. Pan, in support of his Rule 29 motion, raised many issues in support of the argument that a judgment of acquittal should have been granted. Though this Court determined that the issues did not warrant a new trial, these issues are "substantial." In fact, the resolution of any one of them in his favor would or could result in his conviction being vacated.

In particular, Mr. Pan argued that there was insufficient evidence at trial as to Mr. Pan's specific intent to sustain his conviction. *See* Memorandum of Law in support of motion under Fed.R.Crim.P. Rule 29, dated May 29, 2013 [Dkt. No. 160]. By Order entered September 10, 2013 [Dkt. No. 173], this Court denied the motion and found that there was sufficient evidence from which a rational jury could find Mr. Pan guilty. Order at 3. Such a holding, however, does not mean that the questions are not "substantial," that is, the Appellate Court could decide them differently.

As set forth in detail in Pan's Rule 29 motion and Reply memoranda, the government argued that a jury could infer that Mr. Pan had the requisite specific intent to commit the crimes of which he was convicted despite the fact that there was no evidence introduced at trial of the purpose charged in the Superseding Indictment –the defrauding of the NYCCFB of matching funds. The only evidence of Mr. Pan's purpose in creating straw donors that was presented in the Government's case was an uncharged purpose, to arrange a meeting between the Undercover and John Liu. The Government essentially argued that Mr. Pan's knowledge of the possibility that the

3

Liu campaign might use the straw donor contributions that he created to obtain matching funds from the NYCCFB, coupled with his creation of the straw donor contributions, was sufficient to prove that he did so with the purpose to defraud the NYCCFB of matching funds. The Government stated that "Pan's knowledge of matching funds plus his actions that he knew would result in the campaign getting matching funds prove his purpose." (Tr. 1835:57). While this would be sufficient to sustain a conviction of a defendant for a general intent offense, it is simply not sufficient where the government must prove specific intent . *United States v. Scotti,* 47 F.3d 1237, 1244 (2d Cir. 1995). This is one of several issues that Pan will raise on appeal.

Unlike general intent, which requires that the government merely prove knowledge, specific intent is reserved for a narrow class of crimes in which "heightened culpability has been thought to merit special attention." *Scotti,* 47 F.3d at 1245 (2d Cir. 1995),  *citing United States v. Bailey,* 444 U.S. 394, 405 (1980).  A specific intent crime requires that the government prove not simply knowledge, meaning that the defendant 'was aware that a result proscribed by the statute was 'practically certain to follow from his conduct, whatever his desire may be as to that result.'" *Scotti,* 47 F.3d at 1244, *citing Bailey,* 444 U.S. at 404.  Instead, the Government must prove the defendant's *purpose,* his specific fraudulent intent, meaning that the Government must prove that the defendant "consciously desired [the] result, whatever the likelihood of that result happening from his conduct." *id* at 1245, *citing Bailey,* 444 U.S, at 404.

Mr. Pan argued that as a result of this heightened requirement of proof of specific intent, the evidence of mere knowledge of an unlawful result and conduct which could further the achievement of that result without sufficient proof of the fraudulent purpose charged in the superseding indictment—which fairly summarizes the evidence in the record in Mr. Pan's case— was insufficient to support his conviction of a specific intent crime. *United States v. Friedman,*

300 F.3d 111, 124 (2d Cir. 2002) ("proof that the defendant knew that some crime would be committed is not enough"); *United States v. Frampton,* 382 F.3d 213, 223 (2d Cir. 2004) (noting that specific intent "goes beyond the mere knowledge that the defendant's action would tend to advance some nefarious purpose of the principal, Rather, the defendant must act with the specific intent of facilitating or advancing the principal's commission of the underlying crime"); *United States v. Kates,* 508 F.2d 308, 311(3d Cir. 1975) ("we must be ever mindful that the requisite mental state in a prosecution for fraud is a specific intent to defraud and not merely knowledge of shadowy dealings"), *quoting United States v. Piepgrass,* 425 F.2d 194, 199 (9th Cir, 1970).

Given the absence of any evidence of the charged purpose, the jury, like the Government, could only have confused mere knowledge with purpose and thus found that Mr. Pan acted with that charged purpose.  In any event, in the Government's case there was merely evidence of knowledge but no evidence of the charged purpose. The record was devoid of any evidence showing that Mr. Pan "consciously desired," –that it was his purpose in creating straw donor contributions– that the Liu Campaign use them to obtain matching funds. Given the lack of evidence in the record to support conviction, we believe the verdict would be reversed on appeal. Therefore, we submit that a substantial question exists as to whether the verdict was proper.

### 3.    Is the Question "Likely to Require Reversal"?

As the Second Circuit explained in *Randell,* if "a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" 761 F.2d 125 *(quoting United States v. Miller,* 753 F.2d 19, 23 (3d Cir. 1985)).

To satisfy this prong, a defendant need not, convince a trial court that it is likely to be

reversed on appeal and no such requirement is imposed under §3143. As the Court of Appeals has said,

. . .the phrase 'likely to result in reversal or an order for a new trial' cannot reasonably be construed to require the district court to predict the probability of reversal . . . Instead, the language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal. . . We do not believe [Congress] intended either to eliminate bail pending appeal or make such bail dependent upon 'the willingness of a trial court to certify' that it is likely to be reversed. *Randell, supra,* 761 F.2d 125 *(quoting Miller, supra,* 753 F.2d at 23).

While this Court, in denying Mr. Pan's Rule 29 motion, disagreed with legal arguments Mr. Pan raised, we submit that these are substantial questions that the Court of Appeals should have the opportunity to rule on in advance of Mr. Pan completing his four month sentence of imprisonment.

## II.     Under 18 U.S.C. §3145 the Court May Also Consider Whether "Exceptional Circumstances" Warrant Release On Bail

As noted above, a principal basis for granting Mr. Pan bail on appeal, quite apart from the fact that he otherwise satisfies each of the criteria as to which he bears the burden, is that if he is not granted bail on appeal he will be deprived of a substantial benefit any appeal may bring, namely, vacating the sentence should the conviction be vacated. We submit that this presents an exceptional circumstance that warrants bail pending appeal.

Mr. Pan was sentenced to four months' incarceration. While no one has the ability to predict with precision how long any particular appeal will take, from the filing of the notice of appeal to the final disposition, it is indisputable that the appeal will not be briefed, argued and decided in less than four months.

As discussed above, subsection (1)(B) of 18 U.S.C. §3143(b) asks that a court

6

considering bail on appeal determine whether the issues raised on appeal will "likely" have a material impact on the sentence in one of four ways: (i) reversal of the conviction; (ii) an order for a new trial; (iii) a sentence that does not include a term of imprisonment; or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. That is, it asks if the appealing defendant is not released on bail pending appeal would thus result in his completing his sentence before the appeal is heard. Clearly, the Bail Reform Act does not contemplate a defendant completing his sentence before exercising his right to appeal.

It is certainly true that, while one could argue that no one ought to spend any time in jail if there is a chance that an appellate court will render a decision that eliminates any time in jail, in enacting the Bail Reform Act, Congress saw it differently. Instead, the presumption is that a defendant sentenced to prison will begin his sentence while his appeal is pending — unless he meets the factors set forth in §3143(b). However, in including subsection (iv), clearly, Congress was of the view that making someone serve his entire sentence before an appeal is heard ought not to occur — so long as there is a substantial issue raised on appeal and the appeal is not taken merely for delay.

We have been unable to locate a substantial body of law either interpreting or applying that subsection in a relevant way. However, there are consistent statements by the courts (and concessions by the government) that it is not appropriate for a defendant to serve out his sentence, or even substantially serve out his sentence, while diligently perfecting his appeal.

So, for example, in *United States v. LaGiglio*, 384 F.3d 925, 926 (7th Cir. 2004), the Court considered a motion for bail pending appeal by a defendant whose sentence was deemed improper in light of *Booker* and *Blakely* and was set to be resentenced. The district court had

released her and the government appealed. There, the government conceded, and the Court agreed, that where an incarcerated defendant is likely to be resentenced to a term less than what she had already served bail was appropriate. ("The government points out that LaGiglio is entitled to be released only if she is likely to be resentenced to a term of imprisonment shorter than the length of time that she will have been in prison by the time her appeal is decided."). It is simply impossible to understand this statement as meaning that a defendant ought not to be required to serve his sentence in advance of an appeal.

Other cases have similar holdings. *See Boyer v. City of Orlando,* 402 F.2d 966, 968 (5th Cir. 1968) (ordering the immediate release on bail of a prisoner who would have completed his 120 day sentence before his habeas case could be docketed for determination); *United States v. Moscariello,* 1999 U.S. Dist. LEXIS 6833 (E.D. Pa. May 5, 1999)(noting that "extraordinary circumstances may exist where the length of a sentence is so short that, if bail were denied, the prisoner might serve the entire sentence before a resolution of her habeas petition" and granting bail pending decision on habeas petition because defendant sentenced to prison term of four months).

Other courts, while determining that bail was not appropriate, have expressed the same view in *dicta: Cary v. Ricks,* 2001 U.S. Dist. LEXIS 3650 at *10 (S.D.N.Y. March 30, 2001) (where substantial question raised release on bail appropriate if defendant will complete sentence before review, but not found warranted here); *Meskel v. United States,* 2005 U.S. Dist. LEXIS 17607 at *6 (D.D.C. July 13, 2005) (bail on appeal typically limited to situations involving the impending completion of short sentences or grave illnesses).

Here, because of the length of time it takes to perfect an appeal, schedule argument and await the outcome, it could well be that Mr. Pan would complete a sentence that the Court of

Appeals may determine cannot stand. That ought not to occur.

## <u>Conclusion</u>

For all of the reasons discussed herein, we respectfully request that the Court grant Mr. Pan's motion for release pending appeal and stay all aspects of his sentence.

November 19, 2013

Respectfully submitted,

TESSER, RYAN & ROCHMAN, LLP

By: _____/s/_____

Gregory J. Ryan
Irwin Rochman